IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3030-FL

| | |
|---|---|
| CHRISTOPHER JOHANNE GARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIEUTENANT STEVEN G. AVERETT, )<br>SERGEANT C. JONES, OFFICER A. )<br>ROBINSON, OFFICER J. KENTRELL, )<br>OFFICER D. ETTISON, OFFICER T. )<br>POTEAT, OFFICER C. HOLLOWAY, )<br>and OFFICER DROWN, )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on plaintiff's motion to appoint counsel (DE 7) and motion for an injunction (DE 8). Because the court has not yet conducted its initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), defendants have not been served and have not responded to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

The court first addresses plaintiff's motion to appoint counsel. In his motion to appoint counsel, plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court

for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

The court now turns to plaintiff's motion for a temporary restraining order and preliminary injunction. Where defendants have not yet been served, the court construes plaintiff's motion as one for a temporary restraining order.[1] In this case, plaintiff alleges that defendants used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Plaintiff, accordingly, requests that the court order the North Carolina Department of Public safety to transfer defendants to a housing unit away from plaintiff.

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999); see also Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served).

2

to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Applying the above-stated factors, the court finds that plaintiff failed to demonstrated that he likely is to succeed on the merits. Specifically, although plaintiff alleges that he is subject to "continuous harassment," plaintiff has not described the harassment or provided any other facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, prison officials have the discretion to determine where to place and assign inmates and correctional staff. See Hayes v. Thompson, 726 F.2d 1015, 1016-17 (4th Cir. 1984). Finally, plaintiff has not shown that the requested injunctive relief is in the public interest. Accordingly, the balance of equities is in favor of defendants, and plaintiff's motion for a temporary restraining order is DENIED.

In summary, plaintiff's motion to appoint counsel (DE 7) and motion for a temporary restraining order (DE 8) are DENIED. The court will conduct its initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) in a separate order.

SO ORDERED, this the 22nd day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge