IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3030-FL

| | |
|---|---|
| CHRISTOPHER JOHANNE GARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LIEUTENANT STEVEN G. AVERETT, ) | |
| SERGEANT C. JONES, OFFICER A. ) | |
| ROBINSON, OFFICER J. KENTRELL, ) | |
| OFFICER D. ETTISON, OFFICER T. ) | |
| POTEAT, OFFICER C. HOLLOWAY, ) | |
| and OFFICER DROWN, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's unopposed motion to amend (DE 17) and motion for a temporary restraining order or preliminary injunction (DE 18). In this posture, the issues raised are ripe for ruling.

The court GRANTS plaintiff's motion to amend his complaint to bring an excessive force claim against officer Domonique Ettison ("Ettison"). See Fed. R. Civ. P. 15(a)(1). In its November 8, 2013, order, the court dismissed plaintiff's action against Ettison because plaintiff failed to provide any factual support for his claim against this defendant. Plaintiff's amended complaint provides sufficient facts to support plaintiff's excessive force claim against Ettison, and plaintiff is ALLOWED to proceed with this claim.

The court now turns to plaintiff's request for injunctive relief. A temporary restraining order and preliminary injunction are governed by the same general standards. See Hoechst Diafoil v. Nan

Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

In this case, plaintiff requests that the court issue an order directing that the defendant officers be removed from their assigned posts. This is plaintiff's second request for injunctive relief. In response to plaintiff's first request for injunctive relief, the court issued on order on August 22, 2013, stating that plaintiff failed to demonstrated that he likely is to succeed on the merits. The court specifically determined that, although plaintiff alleges that he is subject to "continuous harassment," plaintiff has not described the harassment or provided any other facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. The court further noted that prison officials have the discretion to determine where to place and assign inmates and correctional staff. See Hayes v. Thompson, 726 F.2d 1015, 1016-17 (4th Cir. 1984). Finally, the court stated that plaintiff has not shown that the requested injunctive relief is in the public interest. Plaintiff, in his current motion for injunctive relief, has not made any allegations to alter

2

the court's previous determination. Thus, the court DENIES plaintiff's second request for injunctive relief.

In summary, plaintiff's motion to amend (DE 17) is GRANTED, and the Clerk of Court is DIRECTED to include Ettison as a defendant in this action. Plaintiff's motion for injunctive relief (DE 18) is DENIED.

SO ORDERED, this the 8th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge