IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3030-FL

| | | |
|---|---|---|
| CHRISTOPHER JOHANNE GARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STEVEN G. AVERETT, CURTIS JONES, ANN ROBINSON, JACQUES KENTRELL, DOMINIC HOSE ETTSON, T. POTEAT, C. HOLLOWAY, and JEFFREY W. DROWNS,[1] | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court upon plaintiff's unopposed motion for entry of default (DE 38), motion for a temporary restraining order (DE 39), motion to amend (DE 39), motion to appoint counsel (DE 41), motion to proceed to trial (DE 52), and motion to compel (DE 54). Also before the court is the motion for a protective order (DE 46) and motion for summary judgment (DE 35) filed by defendants Steven G. Averett ("Averett"), Jeffrey W. Drowns ("Drowns"), Curtis Jones ("Jones"),

---

[1] Several defendants provided the court with their full names, and the Clerk of Court is DIRECTED to amend the caption on the court's docket to reflect the change. Additionally, the party plaintiff referred to as Officer D. Ettison informed the court that his correct name is Dominic Hose Ettson. The court will hereinafter refer to this party by his correct name, and the Clerk of Court is DIRECTED to amend the caption on the court's docket to reflect this change.

Jacques Kentrell ("Kentrell"), Dominic Hose Ettson ("Ettson"),[2] and Ann Robinson ("Robinson"), to which plaintiff responded. In this posture, the issues raised are ripe for ruling.

A.  Motion to Amend

Plaintiff requires leave of court to amend his complaint. See Fed. R. Civ. P. 15(a)(2). Leave to amend must be freely given when justice so requires, and will be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

Plaintiff requests leave to amend his complaint to include Polk Correctional Institution Assistant Superintendent Irvin Ryan ("Ryan") as a defendant in this action. Plaintiff seeks to hold Ryan liable "for his role as the supervisor of the staff whom committed the assaults." (Pl's Mot. to Am. p. 1.) Plaintiff's allegations against Ryan, however, fail to state a claim because they are based upon a theory of *respondeat superior*, as opposed to supervisory liability, in that plaintiff has failed to allege facts to establish any deliberate indifference or tacit authorization on behalf of Ryan. See Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 n. 58 (1978) (holding that *respondeat superior* is unavailable under § 1983); Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth requirements to properly assert a supervisor liability claim under § 1983). Because plaintiff fails to state a claim against Ryan, plaintiff's motion to amend is DENIED as futile.

---

[2] Defendants in their motion for summary judgment note that, as of the filing of the motion, Ettson had not been served. Accordingly, defendants state that it is reasonably anticipated that once Ettson has been served, he will join the motion. As Ettson now has been served, the court assumes that Ettson joins the pending motion for summary judgment and for a protective order.

B.  Motion for Default

Plaintiff requests that the court make an entry of default pursuant to Federal Rule of Civil Procedure 55(a) against defendants Robinson, Holloway, Poteat, and Drowns. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default." Fed. R. Civ. P. 55(a).

Beginning with defendants Drowns and Robinson, summons was returned executed as to these defendants on December 21, 2013, and their respective responses to plaintiff's complaint were due by February 7, 2014. Drowns and Robinson filed a motion for summary judgment on February 7, 2014. Accordingly, plaintiff has not demonstrated that Drowns or Robinson failed to "plead or otherwise defend" in this action. Thus, plaintiff's motion for entry of default as to Drowns and Robinson is DENIED.

As for defendants Holloway and Poteat, these defendants have not been served, and the court has made every effort to aid plaintiff in accomplishing service on these defendants. On November 13, 2013, the court ordered the United States Marshal to make service on behalf of plaintiff. After, plaintiff's initial attempt at service was unsuccessful, the court ordered the North Carolina Attorney General to provide the court a current address for Holloway and Poteat. The North Carolina Attorney General complied and service was again attempted and returned without perfection of service against Holloway or Poteat. The court has no other method of ascertaining an address for Holloway or Poteat. Because plaintiff has been unable to perfect service on Holloway or Poteat within the one hundred twenty (120) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's action against Holloway and Poteat is dismissed without prejudice. See

Price v. Sanders, 339 F. App'x 339 (4th Cir. 2009). Additionally, plaintiff's motion for entry of default against these defendants' is DENIED.

C.     Motion for Temporary Restraining Order

Plaintiff requests a temporary restraining order "to prevent any retaliation from" the filing of his motion to amend his complaint to include Ryan as a defendant in this action. (Pl's Mot. to Am. p. 2.) Plaintiff also seeks a court order directing Ryan to "to prevent any form of retaliation by any of the [] named defendants." (Id.)

Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff failed to demonstrate that he likely is to succeed on the merits, and has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Rather, plaintiff's motion for a temporary restraining order is based upon speculative future harm. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012).

Accordingly, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of defendants. Thus, the court concludes that plaintiff's motion for a temporary restraining order is DENIED.

D.   Motion to Appoint Counsel

Plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

E.   Motion for a Protective Order/Motion to Compel

Averett, Drowns, Jones, Kentrell, Ettson, and Robinson filed a motion for a protective order. In response, plaintiff filed a motion to compel discovery.

The court first determines whether Averett, Drowns, Jones, Kentrell, Ettson, and Robinson are entitled to a protective order. On February 7, 2014, Averett, Drowns, Jones, Kentrell, Ettson,

and Robinson filed a motion for summary judgment raising the affirmative defense of qualified immunity. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x. 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendants raised the defense of qualified immunity and assert that plaintiff cannot establish a constitutional violation, they are entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Therefore, the court GRANTS the motion for a protective order, and DENIES plaintiff's motion to compel.

F.  Motion to Proceed to Trial by Jury

Plaintiff's motion captioned "motion to proceed to a trial by jury" seeks to supplement his response to the pending motion for summary judgment filed by Averett, Drowns, Jones, Kentrell, Ettson, and Robinson. The court GRANTS plaintiff's motion.

G.  Pending Motion for Summary Judgment

Averett, Drowns, Jones, Kentrell, Ettson, and Robinson filed a motion for summary judgment arguing that plaintiff is unable to establish that they used excessive force against plaintiff in violation of the Eighth Amendment to the United States Constitution. In the alternative, these defendants assert the affirmative defense of qualified immunity. To assist the court with adjudicating the pending motion for summary judgment, the court DIRECTS that defendants

Averett, Drowns, Jones, Kentrell, Ettson, and Robinson supplement their pending motion for summary judgment by filing all of plaintiff's medical records which relate to the instant alleged excessive force incident, as well as any incident report(s) which relate(s) to the instant alleged excessive force incident.[3]

In summary, based upon the foregoing, the court rules as follows:

(1) plaintiff's motion to amend (DE 39) is DENIED as futile.

(2) plaintiff's motion for default (DE 38), for a temporary restraining order (DE 39), to appoint counsel (DE 41), and to compel (DE 54) are DENIED.

(3) plaintiff's motion to proceed to trial, which this court construed as a motion to supplement his response to the pending motion for summary judgment, (DE 52) is GRANTED.

(4) Averett, Drowns, Jones, Kentrell, Ettson, and Robinson are DIRECTED to supplement their pending motion for summary judgment (DE 35) as DIRECTED above within fourteen (14) days of the court's order. Defendants must provide plaintiff a copy of any supplemental materials. Plaintiff has fourteen (14) days thereafter to file any supplemental response to the pending motion for summary judgment. The motion for summary judgment (DE 35) remains pending.

(5) Plaintiff's action against defendants Holloway and Poteat is DISMISSED without prejudice pursuant to Rule 4(m).

(6) Defendants' motion for a protective order (DE 46) is GRANTED.

---

[3] The court notes that plaintiff requested these materials in his February 21, 2014, request for production of documents. (DE 42).

(7) The Clerk of Court is DIRECTED to amend the caption on the court's docket to reflect that above-noted changes.

SO ORDERED, this the 21st day of May, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge